CLERK'S COPY

FILED
AT ALBUQUERQUE NM

MAY - 3 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEITH RAYMOND CARTER,

    Plaintiffs,

v.    No. CIV-99-0365 JC/LCS

GARY JOHNSON,
Governor of the State of New Mexico,
GEORGE WACKENHUT,
Chief Executive Officer, of
Wackenhut Corporation,
WAYNE H. CALABRESE,
President, Wackenhut Corporation,
REED SMITH,
Regional Director of,
Wackenhut Corporation, for New Mexico,
JOHN SHANKS,
Director of adult prison(s) of,
New Mexico,
JOE WILLIAMS,
Warden, of Lea County
Correctional Facility,
E. BRAVO,
Associate Warden, of Lea County
Correctional Facility,
LIEUTENANT DE. FOREST,
Contract Monitor for Lea County
Correctional Facility, and
Wackenhut Corporation, to New Mexico,
BRUCE TRAVIS,
Administrator for Correctional
Medical Services, for Lea County
Correctional Facility,
H. MARTIN,
Food Service Supervisor for Lea County
Correctional Facility,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant



to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). This incarcerated Plaintiff appears pro se and has moved for leave to proceed in forma pauperis (IFP). The IFP motion will be granted, and, for the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff is hypoglycemic and that medical staff have prescribed a specific dietary regimen for him. Unspecified Defendants have failed and refused to provide the prescribed diet for Plaintiff, causing him to suffer dizzy spells and weakness. On one occasion he lost consciousness. The complaint seeks damages for Defendants' violations of Plaintiff's rights under the Eighth and Fourteenth Amendments.

Plaintiff's claims are asserted against a number of Defendants whose only connection to the alleged deprivation is by their official or supervisory status. The complaint's allegations thus do not affirmatively link Defendants Johnson, Wackenhut, Calabrese, Smith, Shanks, Williams, Bravo, and Forest to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Furthermore, in an affidavit filed April 19, 1999, Plaintiff states that Defendant Travis, in response to Plaintiff's grievances, attempted to correct the alleged inadequacies in Plaintiff's diet. Plaintiff's allegations against Defendant Travis thus do not support claims under the Eighth or Fourteenth Amendment. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997); *Maine v. Oklahoma Dep't of Corrections*, 125 F.3d 862, 1997 WL 602688, at **4 (10th Cir. 1997). Claims against these Defendants will be dismissed. *Hall v. Bellmon*, 935 F.2d at 1109.

The remaining Defendant Martin is named in his official as well as individual capacity. Although it is not completely clear from the complaint whether Martin is a state employee, insofar as Plaintiff seeks money damages against Defendant Martin in his official capacity as an employee or official of the State of New Mexico, his action is equivalent to a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Such claims are barred in federal court by the State's Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's claims for damages against Defendant Martin in his official capacity will be dismissed as frivolous.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 is GRANTED; the initial partial payment is WAIVED; and Plaintiff shall pay the full amount of the filing fee in monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the

designated filing fee. The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order (CIV-99-0365 JC/LCS); failure to comply with these terms may result in dismissal of the complaint without prejudice without further notice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Travis are DISMISSED with prejudice; claims against Defendants Johnson, Wackenhut, Calabrese, Smith, Shanks, Williams, Bravo, and Forest are DISMISSED without prejudice; and these Defendants are DISMISSED as parties to this action at this time;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Martin in his official capacity are DISMISSED without prejudice, and the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Martin in his individual capacity.

*[signature]*
UNITED STATES DISTRICT JUDGE